# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

MARY F. LACEY, et al., )
)
                Plaintiffs, )
v. )
) No. 04-0642-CV-W-FJG
COHEN ESERY MANAGEMENT )
CO., et al., )
)
                Defendant. )

## ORDER

Before the Court are several issues: (1) whether the claims of plaintiff Mary Lacey's children should be dismissed; (2) whether the claims against defendants Lowe and Hartwick should be dismissed for failure to prosecute; and (3) defendants' motion for summary judgment (Doc. No. 26). Each will be considered below

**I.    Claims of Plaintiff Mary Lacey's Children**

In its Order granting plaintiff Mary Lacey in forma pauperis status (Doc. No. 6, entered on November 22, 2004), the Court noted that Mary Lacey (a pro se plaintiff) cannot represent her minor children in federal court. See, e.g., Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986). Furthermore, the Court noted that a non-attorney cannot represent the interests of another person in federal court, so Mary Lacey cannot represent her daughter who is no longer a minor.

On April 19, 2005, the Court issued an order to show cause to the children (Doc. No. 25, sent in care of their mother Mary Lacey), directing them to notify the Court on or before May 18, 2005 whether they will (1) seek appointment of counsel; (2) retain counsel to enter an appearance; or (3) in the case of the adult child, indicate a desire to proceed pro se.

These parties were cautioned that failure to respond could result in a dismissal of their claims.

To-date, no response has been made to the Court's Order (Doc. No. 25). Therefore, the claims of Laurience Lacey, Sai Bri Aine Lacey, and Hubrionia Lacey will be **DISMISSED.**

## II.    Plaintiff's Failure to Serve Defendants Lowe and Hartwick

Two of the defendants in plaintiff's complaint, Barry Lowe and John Hartwick, have not been served. The U.S. Marshal was directed to serve the defendants on behalf of plaintiff; however, the unexecuted returns of service filed by the U.S. Marshal as to those defendants indicate that neither party is currently employed by defendant Cohen Esery, and that consequently they were unable to be served.

Plaintiff sought no extension of time to effectuate service. An order to show cause (Doc. No. 25) was issued to plaintiff Mary Lacey, directing her to show cause in writing on or before May 18, 2005, why her claims against these two defendants should not be dismissed for failure to prosecute.

Plaintiff filed a response to the Court's Order on May 6, 2005. (See Doc. No. 28.) In her response, plaintiff states: "I asked the court not to dismiss any of my claims nor dismiss any claims against any defendants being that Barry Lowe and John Hartwick were not served. I feel that a court case will produce these persons when needed for the defendants counsel so I ask the court to deny any motion for dismissal of any claims filed on behalf of myself and to my understanding of the fair housing act."

The Court notes that, contrary to plaintiff's belief, defendant Lowe and Hartwick must

be served within the time allotted under the Federal Rules of Civil Procedure for them to be treated as defendants in this matter. Plaintiff did not request an extension of time to effectuate service, and the deadline under the Federal Rules of Civil Procedure has passed. Therefore, plaintiff's claims against defendants Lowe and Hartwick are **DISMISSED** for failure to prosecute.

## III. Defendants' Motion for Summary Judgment (Doc. No. 26)

The remaining defendants indicate that they settled a claim with plaintiff for the exact same incidents in 2002. They therefore move for summary judgment on the basis of (1) accord and satisfaction and/or (2) estoppel.

### A. Facts

On August 13, 2002, Plaintiff filed a Housing Discrimination Complaint with the United States Department of Housing and Urban Development ("HUD") against Barry Lowe, Gwen Grant, Joh Hartwick, Cohen Esrey Management Company [sic] and Village Green Apartments. The Complaint was officially filed by HUD on September 4, 2002. Plaintiff's HUD Complaint alleged that each of the named persons discriminated against her by refusing to make repairs to the property where she lived at the time because of her race. In December 2002, defendants state that all parties to the HUD Complaint agreed to resolve the Complaint. The agreement provided that in consideration for payment of a certain sum of money from Defendants, Plaintiff would withdraw her Complaint as having been resolved by acceptance of the sum.

On December 31, 2002, Defendants submitted to Plaintiff a check in the stipulated sum [$500], which Plaintiff accepted and cashed. On January 3, 2003, Plaintiff signed a

3

"Withdrawal With Settlement", which was witnessed by a representative from HUD. The Withdrawal With Settlement was not signed by any of the Defendants.

The "Withdrawal With Settlement," (Exhibit C to the Affidavit of James P. Beverlin, attached to the suggestions in support of the motion for summary judgment), states:

> <u>The Respondent [defendants in this matter] have agreed to the followings [sic]:</u>
>
> 1. I will received [sic] a check for $500.00 from the Respondents and this matter will be resolved.
>
> Respondent and Complainant understand that the Department will not complete the investigation of this complaint. I, Mary Lacey, have not been coerced or threatened by any person to withdraw this complaint. I do knowingly and voluntary [sic] withdraw the complaint for the above-mentioned reasons.
>
> <u>I understand that we have the right to file a lawsuit in Federal District Court within two years of the alleged act of discrimination.</u> [Emphasis Added]

Defendants state the intent of the parties entering into the agreement was to have a full and final settlement and release of all claims asserted in the HUD Complaint (Affidavit of James P. Beverlin). Defendants state that, contrary to the parties' intent, Plaintiff filed the instant lawsuit on or about November 22, 2004, asserting the same claims that were the subject of the HUD Complaint.

Plaintiff Lacey, in her response, indicates that she understands that she filed her case "in the time limitation by law through the written release guidelines of [her] case with HUD and compensation for lost [sic] of personal items and lock out [sic] before my move out date."

    B.    <u>Summary Judgment Standard</u>

4

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). The facts and inferences are viewed in the light most favorable to the nonmoving party. Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-590 (1986). The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Matsushita, 475 U.S. at 586-90.

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence, must set forth facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Lower Brule Sioux Tribe v. South Dakota, 104 F.3d 1017, 1021 (8th Cir. 1997). To determine whether the disputed facts are material, courts analyze the evidence in the context of the legal issues involved. Lower Brule, 104 F.3d at 1021. Thus, the mere existence of factual disputes between the parties is insufficient to avoid summary judgment. Id. Rather, "the disputes must be outcome determinative under prevailing law." Id. (citations omitted).

Furthermore, to establish that a factual dispute is genuine and sufficient to warrant trial, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the facts." Matsushita, 475 U.S. at 586. Demanding more than a metaphysical doubt respects the appropriate role of the summary judgment procedure: "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action."

5

Celotex, 477 U.S. at 327.

      C.     Legal Analysis

Defendants state that plaintiff's claims are barred by the doctrine of accord and satisfaction. "'Accord' is an agreement whereby one party agrees to give or perform, and the other to accept, in satisfaction of a claim arising from a contract or tort, something other than or different from what he is or thinks he is entitled to." McMillin v. American Fam. Ins. Co., 950 S.W.2d 242, 246 (Mo. App. W.D. 1997)(citation omitted). "'Satisfaction' is the performance of such an agreement." Id. An accord and satisfaction must meet basic contractual requirements.

Defendants also suggest that plaintiff should be estopped from bringing this lawsuit because plaintiff induced the defendants to change their position to their detriment by paying plaintiff a sum in order to resolve the disputes in the HUD complaint. Defendants changed their position, agreed to settle, and paid plaintiff an agreed-upon amount to resolve the HUD complaint. Defendants argue that plaintiff should not now be able to take the "shield" that she has handed the defendants and use it as a "sword" against them in bringing the instant action alleging the exact same claims for which she has already been compensated. See Eberting v. Skinner, 364 S.W.2d 829, 835 (Mo. App. 1986).

The difficulty with both of defendants' arguments is that, based on the documents and statements filed in the parties briefing of the pending motion, questions of material fact exist as to plaintiff's intent in entering into the HUD settlement. However, the Court notes that this case is in a very early stage and very little (if any) discovery has been done. Discovery may help the parties determine plaintiff's intent. In particular, defendants should be prepared to do discovery that could answer the following questions for the Court:

(1) Was there truly a meeting of the minds with respect to the HUD settlement? and

(2) If so, why did the "Withdrawal With Settlement" reserve a right to plaintiff to file an action in federal court?

Therefore, defendants motion for summary judgment (Doc. No. 26) is **DENIED WITHOUT PREJUDICE TO RECONSIDERATION.** After conducting discovery, defendants may renew their motion for summary judgment, answering the questions detailed above.

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of this order via regular and certified mail to plaintiff at the following address:

Mary F. Lacey
3735 Highland
Kansas City, Missouri 64109

**IT IS SO ORDERED.**

Date:  July 7, 2005  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
United States District Judge