# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

MARY F. LACEY, )
)
          Plaintiff, )
)
v. )
) No. 04-0642-CV-W-FJG
COHEN ESERY MANAGEMENT )
CO., et al., )
)
          Defendant. )

## ORDER

      Before the Court are (1) Plaintiff's Letter to the Court (Doc. No. 36, filed September 30, 2005, and captioned by the Clerk's office as a "Motion to Enforce Judgment"); and (2) Defendants' Suggestions in Opposition to Plaintiff's Letter and Attachments (Doc. No. 37)[1].

      Notably, on September 27, 2005, the parties filed a Joint Stipulation of Dismissal with Prejudice (Doc. No. 36). The stipulation of dismissal was signed by all remaining parties. It has long been settled that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval. See United States v. Altman, 750 F.2d 684, 696 (8th Cir. 1984); Gardiner v. A.H. Robins Co., Inc., 747 F.2d 1180, 1189 (8th Cir. 1984). Consequently, this Court does not have authority to take further action on this matter. See Altman, 750 F.2d at 697.

      Additionally, to the extent that plaintiff may be seeking to enforce specific terms of the Settlement Agreement, this Court notes that a federal court normally does not retain

---

[1]Within these suggestions in opposition, defendants argue that plaintiff's letter should be stricken from the record as it does not seek relief from the defendants, and instead appears to seek interpretation of the Settlement Agreement and Release that has already been signed by plaintiff.

jurisdiction over a dismissed action to enforce the terms of a settlement agreement. In order for the Court to retain jurisdiction over such matters, parties must include language in their Rule 41(a)(1)(ii) stipulation providing that the court will retain jurisdiction for purposes of enforcing the settlement agreement. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378-81 (1994). No such language was included in the stipulation of dismissal provided by the parties; therefore, this Court does not have jurisdiction to consider any present or future motion for enforcement of the settlement agreement in this case.

Therefore, for the foregoing reasons, as this Court no longer has jurisdiction over the present matter, all pending motions contained within Doc. Nos. 36 and 37 are **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of this order via regular and certified mail to plaintiff at the following address:

> Mary F. Lacey
> 3735 Highland
> Kansas City, Missouri 64109

**IT IS SO ORDERED.**

Date: October 21, 2005  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri   Fernando J. Gaitan, Jr.
United States District Judge

2